Grant,
2g 254
131 289

## Baker *versus* King.*
## Nimick & Co., Garnishees of Baker, *versus* King.

1. When a judgment is removed from the county in which it was entered, into the court of another county, in accordance with the Act of 16th April, 1840, it has its full force and effect, so far as regards execution process.

2. When a judgment has been transferred from one county to another, and execution process issued thereon, a stay of execution, granted in the county where originally entered, does not affect the process.

ERROR to the District Court of *Allegheny county*, in two cases involving the same question.

On the 15th of March, 1858, Henry S. King obtained judgment against Elias Baker, in the Court of Common Pleas of Blair county, for $10,500. March 18, 1858, an exemplification of the record of this judgment was entered in the District Court of Allegheny county, to No. 588, April Term, 1858, and a *fi. fa.* issued thereon, which was afterwards stayed by plaintiffs' attorney. On the same day, March 18th, an execution attachment was issued, and a large lot of iron, belonging to the defendant, and in the possession of Nimick & Co., was attached. On the 23d of March, 1858, an associate judge of the Court of Common Pleas of Blair county, granted the defendant a stay of execution, upon petition, filed under the Act of October 13, 1857. March 27th, a certified copy of the order, granting a stay of execution, was filed in the District Court of Allegheny county; whereupon the defendant asked to have the execution attachment set aside, which was refused, and to this Elias Baker took his writ of error. Upon interrogatories and answers, judgment was obtained against Nimick & Co., garnishees, and to this they took a writ of error.

The entry of the judgments was the error complained of.

*George P. Hamilton*, for plaintiffs in error.—A *fi. fa.* is always stayed or set aside, when the defendant puts in bail, or suggests his freehold, within the time allowed by law.

An attachment in execution, is subject to the rules governing

* This case was again in this court, in 1859, for report of which see 10 Casey, 297.

[Baker *v.* King.]

executions, and differs only from a *fi. fa.* in that it reaches effects which the latter cannot. 1 Troubat & Haly's Prac. 751.

An attachment, under the Act of 1836, is process to enforce the judgment, and it is, in substance, if not in form, an execution. *Wray* v. *Tammany*, 1 Har. 394.

The 34th section of the Act of June 16, 1836, giving a stay of execution for twenty days after filing an award, applies to an attachment execution. Ib.

The iron was not pawned or pledged, and therefore not subject to attachment.

*Hopkins* and *Shinn*, for defendant in error.—1. The stay of execution was improperly allowed.

2. An execution attachment is more like an original action than a *fi. fa.*; a summons issues, defendant has a day in court, may plead, make defence, and obtain judgment.

Acts of assembly, relative to executions, do not include execution attachments. *Vezia* v. *Viench*, 8 Leg. Int. 54; Phila. R. 176.

A writ of attachment could issue, after a year and a day from the rendition of the judgment, yet an execution could not. *Ogilsby* v. *Lee*, 7 W. & S. 444.

An execution attachment may isue on a judgment more than five years old, though a *fi. fa.* cannot. *Gemmill* v. *Butler*, 4 B. 232.

There is also a difference between a *fi. fa.* and a *testatum fi. fa.* 92d Rule Dis. Court, Phila.

*Wray* v. *Tammany*, 1 Har. 394, was a construction of the 34th section of the Act of 1836, where the words are, "issue execution, *or such other process*," &c. These words are not used in the 3d section, which provides for the stay.

3. A transferred judgment cannot be controlled as to execution, &c., by the court from which it came. The court in which it is entered, has as absolute control over it as if it had originally been entered there. See the Act of June 16, 1840.

Courts have no power to set aside an execution. 3 Casey, 195, 196.

4. The iron was in the nature of a pledge. See 23d, 35th, and 37th sections of the Act of June 16, 1836. *Lamb* v. *Vansciver*, 1 Tr. & H. Pr. 757.

The opinion of the court was delivered at Philadelphia, Janu-3, 1859, by

WOODWARD, J.—These two cases, argued together, are to be decided together.

When a judgment is removed from the county in which it was entered, into the courts of another county, in accordance

[Baker *v.* King.]

with the provisions of the Act of Assembly of 16th April, 1840, it has the same force and effect, so far as concerns execution process, in the county to which it is transferred, as if it had been originally entered there. The language of the act is very express on this point.

Yet it is argued, that after the transfer of the plaintiffs' judgment, from the Common Pleas of Blair to the District Court of Allegheny county, an execution attachment, regularly issued out of the latter court, could be struck dead by the fiat of an associate judge of Blair.

The argument proves too much; for if such a judge can control the execution of this judgment, he may in like manner control the process awarded on any other judgment of the District Court. This judgment, and the appropriate judgments of that court, are placed on the same footing, by the act of assembly, so far as concerns questions of lien and execution, and both must be alike subject to, or exempt from, the control of the judges of Blair county.

No stay law gave the associate judge power to stop this execution. The Act of 1857, under which, doubtless, he acted, did not even authorize *him* to stay the writ in his own county. The power is delegated to the *court*, not to a judge at chambers. Much less might he affect a writ, issued out of another and independent jurisdiction from that to which he belonged.

The other two assignments of error, relate to the amount of the judgment against the garnishees. The court were satisfied, from their answers, that they had in their hands goods of the defendant, to an amount sufficient to satisfy the plaintiffs' claim, and accordingly rendered judgment for that amount.

Considering the indefiniteness of the garnishees' answers, we think they have no reason to complain that the court adjudged them to have enough to satisfy the plaintiffs, but in ascertaining the amount of the plaintiffs' claim, a slight error of calculation was fallen into, which the clerk of this court can readily correct.

Referring it to him to ascertain the amount of the plaintiffs' judgment against Baker, at the date of the judgment taken against the garnishees, we affirm the judgment for that amount.

The proceedings on the removed judgment are also affirmed.