## Mellon, Assignee of Larimer, to use, *versus* Guthrie et al., Executors.

1. The transfer of a judgment by virtue of the Act of April 16th 1840, from one court to another, does not make it a judgment of the court to which the transfer is made ; the act therefore gives no authority to transfer it from the latter court to a third.

2. Nor does the Act of May 4th 1852 authorize such transfer; that act only provided for preserving the priority of the lien in cases where the judgment was *first* entered in a county which was afterwards divided, transferred and regularly revived in the new county, and remedied the mischief revealed by Hays's Appeal, 8 Barr 182.

3. The ruling in Dorrance *v.* Scott, 3 Wharton 314, that "a judgment obtained in a *sci. fa.* upon a void judgment is void," *doubted*. Per STRONG, J.

ERROR to Common Pleas of *Forest county.*

Mellon, to the use of Duff, having recovered a judgment in Clarion county against Guthrie and McFadden's executors in Clarion county, transferred it to Jefferson county, and,—after the erection of Forest county out of a part of Jefferson county,—entered in Forest county a transcript from Jefferson, and proceeded upon it, in Forest county, by *sci. fa.*, obtaining a judgment by default, under which the land of the defendants in Forest county was sold by the sheriff.

The defendants entered a rule to show cause why the judgment by default, and the original judgment in Forest county, on which it was founded, should not be stricken off, as being an exemplification of an exemplification.

The rule was made absolute by the court below, which was the error assigned.

B. J. Reid, for plaintiff in error.—This case turns upon the construction of the Act of 4th of May 1852. We are clearly

[Mellon v. Guthrie.]

within the act, unless the word "originally," as used in the act, is to be construed in an absolute rather than a relative sense. Common sense and the obvious reason and spirit of the law point to the latter construction.

When Acts of Assembly erecting new counties fail to provide for continuing liens of judgments, doubts and inconveniences arise, as in West's Appeal, 5 Watts 87, and Hart's Appeal, 8 Barr 185, both of which were before the Act of 1852. This act was passed as a general law, to provide that where a portion of a county should be cut off, all judgments *previously* entered in the old county might be transferred to the new. A *testatum* from either Clarion or Jefferson would have given a lien from Forest only from the date of entry there.

The alternative offered of preserving the lien and remedy by keeping the judgment revived in Jefferson county, would be open to the objection against all secret liens. Secret liens are odious: Trinity Church v. Watson, 14 Wright 518 ; Kauffelt v. Bower, 7 S. & R. 64 ; Kerper v. Hoch, 1 Watts 13 ; Greenough v. Patton, 7 Id. 337.

*W. L. Corbett* and *J. G. Gordon*, for defendant in error.—A copy of a transcript is not sufficient to found a judgment upon : Brandt's Appeal, 4 Harris 343 ; King v. Nimick, 10 Casey 297.
As to construction of Act of 1852 : Hay's Appeal, 8 Barr 182.

The opinion of the court was delivered, January 8th 1866, by
STRONG, J.—The Act of Assembly of April 16th 1840, relative to the transfer of judgments, is an act to provide additional remedies for the collection of debts in judgment. Its title is "An act relating to executions, and for other purposes," and all its provisions look to the collection of an existing debt, rather than the creation of new evidence of it. The transfer authorized does not make the judgment a judgment of the court into which the transfer is made : Brandt's Appeal, 4 Harris 343. It remains a judgment of the court in which it was first entered, and the exemplification filed in another court accomplishes no more than to enable the case to be proceeded in with like effect as to lien, revivals, executions, and so forth, and no other, as if the judgment had been originally entered in the court to which the transfer has been made. The Act of Assembly, therefore, gives no authority to transfer it from the court to which it has been transferred for the reason that it is not a judgment of that court, and a certified copy of the record is no more than an exemplification of 'an exemplification. It follows that the prothonotary of the Court of Common Pleas of Forest county was not authorized to enter of record the exemplification of the exemplification filed in the Common Pleas of Jefferson.

[Mellon *v.* Guthrie.]

It is argued, however, that though the Act of 1840 does not contemplate any transfer of judgments, except from the court in which they were first entered, the Act of May 4th 1852 does in certain cases, of which this is one. Forest county was erected out of parts of Jefferson county, by resolution adopted April 11th 1848. Those resolutions declared that until the said county should be organized for judicial purposes, it should remain attached to Jefferson county for such purposes. And the Act of May 1857 (P. L. 612), gave to the new county a judicial organization from and after September 1st 1857.

But neither of these acts made any provision for the transfer of judgments from the old county to the new, or for the preservation of liens in the new county. That was left to be regulated by the general law. The general Act of May 4th 1852, enacted "that in all cases of the erection of a new county out of part or parts of one or more other counties, where judgments were originally entered in the old county or counties, and have been or shall be transferred into the new, and therein shall be, or shall have been proceeded in by *scire facias*, within five years from the last rendition of judgment in the old county or counties, the lien thereof shall be continued, and preserved as to real estate in the new county, although the same shall not have been revived in the old county." This act certainly confers no authority to transfer judgments which was not conferred by the Act of 1840. And still less does it warrant transferring that which is a judgment in Clarion county, by filing in Forest a copy of the exemplification filed in Jefferson county. Such is not its purpose. The object sought to be accomplished is manifest. In some Acts of Assembly, erecting new counties, provision is made for preserving liens of judgments by transfer or otherwise, and in other such acts, no such provisions are specially inserted. When provision has been made for a transfer, questions have arisen how the lien of a judgment in the old county which had attached to lands embraced in the new, before the new county was erected could be preserved up to the time of the transfer. The transferred judgment became a lien only from the date of its entry in the new county, and unless therefore the judgment was revived in the old county, the lien might be displaced for a period prior to the transfer into the new. Hays's Appeal, 8 Barr 182, probably caused the passage of the Act of May 4th 1852, the legislature intending to remedy the mischief revealed by that decision.

Beyond that the act has no effect. It certainly furnishes no new mode of transferring judgments. The entry of the transcript in Forest county was then entirely unauthorized, and there was no error in directing it to be stricken from the record. Whether the judgment obtained in the *scire facias* was also void is not so clear. In Dorrance *v.* Scott, 3 Wharton 314, it was held that a

[Mellon *v.* Guthrie.]

judgment obtained in a *scire facias* upon a void judgment is itself void, as Judge Kennedy said, for want of a valid judgment to support it.   For this he cited several authorities.   Drury's Case, 8 Co. 284, 1 Rolle Abr. 677, pl. 6, 1 Sid. 253 ; Palm. 187, 302–303, and Cro. Jac. 645.   Whether these authorities sustain the doctrine laid down may be doubted.   But they do hold that relief .from such a derivative judgment may be obtained by the writ of *audita querela.*   We accomplish the same thing by motion, and better, when all the facts appear of record.   It was competent therefore for the court below to open the judgment in the *scire facias* and strike off the exemplification, thus accomplishing all that was done.

The action of the Court of Common Pleas is affirmed.