## Lackawanna Thrift and Loan Corporation v. Dunn, etc.

*Paul A. McGlone*, for plaintiff.
*Gerald G. Dolphin*, for defendant.

ROBINSON, J., April 16, 1948.—This is a motion to strike off a transferred judgment.

On January 4, 1930, plaintiff herein caused a judgment to be entered in the Court of Common Pleas of Wyoming County to no. 159, January term, 1930, against two defendants, Mary A. Dunn and Phillip Schroeder. The judgment was entered on a confession contained in a sealed note.

On January 5, 1948, plaintiff filed in our court an exemplified record of the case issued under the certificate of the Prothonotary of Wyoming County. The judgment in Lackawanna County, however, was only entered against Mary A. Dunn, also known as Mary A. Schroeder and Mary A. Sommers. Said defendant is now deceased.

The present motion is founded upon the ground that the transferred judgment in Lackawanna County is

entered only against one defendant whereas the original judgment was against two defendants.

The transfer of judgments between the courts of common pleas of this Commonwealth is governed by the Acts of April 16, 1840, P. L. 410, sec. 1, and April 16, 1845, P. L. 538, sec. 11. The effect of such transfers was treated in First National Bank & Trust Co. v. Laubach et al., 333 Pa. 344, 349, where it was said:

"Sec. 1 of the Act of April 16, 1840, P. L. 410, ('construed' by section 11 of the Act of April 16, 1845, P. L. 538), provides for the transfer of judgments from one court of common pleas to another, and that 'as to lien, revivals, executions, and so forth', the transferred judgment 'shall have the same force and effect, and no other', as if the judgment had been entered originally in the court to which the transfer was made. It is to be noted that this act is entitled 'An Act Relating to Executions, . . .' and it does not undertake to deal with a transferred judgment other than for purposes of realizing thereon. Such a transferred judgment is merely 'a quasi judgment, and that too only for limited purposes': Brandt's Appeal, 16 Pa. 343, 346. It has been held time and again that the court of the county to which the judgment is transferred has no power over it except for purposes of execution, and cannot inquire into its merits. That can be done only by the court in which it was originally obtained: King v. Nimick, 34 Pa. 297; Mellon v. Guthrie, 51 Pa. 116; Beck v. Church, 113 Pa. 200; Nelson v. Guffey, 131 Pa. 273; Lehigh & New England R. R. Co. v. Hanhauser, 222 Pa. 248; Shotts & Co. v. Agnew & Barnett, 81 Pa. Superior Ct. 458, 461."

After the prothonotary has received such a record under the Act of April 16, 1840, P. L. 410, sec. 1, it is his duty to file the same and transcribe the docket entries into his own dockets. When this is done the act provides that the judgment in the transferee court

shall have the same force and effect as to liens, revivals and executions as if the judgment had been originally filed in the court to which it is transferred.

The jurisdiction of a transferee court over a transferred judgment is limited to the collection and enforcement of the same. We cannot collect or enforce a judgment which is only partially transferred. It is necessary that we have before us the entire judgment as it appeared in the court of original jurisdiction: Bank of Chester Co. v. Olwine, 3 Pa. L. J. 507. The judgment transferred should be the same as to parties, amounts and other matters appearing on its face as in the court from which it was transferred. If a party is omitted in the transferring process the judgment cannot have the force and effect contemplated by the statute.

When plaintiff herein by præcipe directed the Prothonotary of Lackawanna County to enter the judgment only against one defendant it stopped the prothonotary from carrying out the duties prescribed by the statute. The consequence of plaintiff's action is an incomplete and ineffectual transfer of the Wyoming County judgment under the statute. It should have been entered against both defendants; it was not. It must therefore be stricken from the record.

In Updergraff v. Perry, 4 Pa. 291, 296, it was said:

"The law guards the rights of the debtor as well as those of the creditor. It is the duty of the plaintiff to see that his proceedings are properly conducted. A rule is presented in the statute so plain that he who runs may read, and if the plaintiff suffers loss by his own negligence, or the carelessness of the officer, although it may be regretted it cannot be repaired in this case by the law. . . ."

Now, April 16, 1948, the judgment entered against defendant in the above-entitled matter is stricken from the record.