# Fry v. Pennsylvania Trust Company.

*Bankruptcy law—Preference—Adversary judgment—Decree against trustee who has been removed.*

Creditors have the right to pursue their debtors in the courts without incurring the hazard of having their ultimate adversary judgments re-

covered in due course, declared to be fraudulent preferences under the bankruptcy law.

An adverse decree removing a trustee, and ordering him to pay over the trust fund to a trustee appointed in his place, is not a judgment " procured or suffered " by the insolvent within the meaning of the bankruptcy act, so as to avoid it as a preference.

*Bankrupt law—Preference—Action by trustee—Affidavit of defense—Payment by debtor's wife.*

In an action by a trustee in bankruptcy where it appears that the defendant was a substituted trustee in place of the insolvent, and that a decree had been entered ordering the insolvent to pay over the trust fund to defendant, an affidavit of defense is sufficient which avers that while the proceedings for the removal of the insolvent as trustee were pending, his wife mortgaged her separate real estate to the amount of the trust fund, and that the person lending her the money paid it directly over to the defendant as successor in the trust to satisfy the judgment against the insolvent, and that the money had been loaned to the wife to save her husband from disgrace, and from the consequences of a criminal embezzlement of the trust money.

Argued Feb. 26, 1900. Appeal, No. 54., Jan. T., 1900, by plaintiff, from order of C. P. Berks Co., Dec. T., 1899, No. 70, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Lewis T. Fry, Trustee in Bankruptcy of the Estate of Darius P. Greth, v. Pennsylvania Trust Company. Before GREEN, C. J., McCOLLUM, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit by a trustee in bankruptcy to recover a fund alleged to represent an unlawful preference.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of the Supreme Court.

*Error assigned* was the order of the court discharging rule for judgment for want of a sufficient affidavit of defense.

*Isaac Hiester*, for appellant.—There was an unlawful preference: Sharp v. Jackson (1899), Appeal Cases, 419; Collier on Bankruptcy, 302; In re Moyer, 8 Pa. Dist. Repr. 214; In re Sheridan & Stewart, 9 Pa. Dist. Repr. 10; Worden v. Columbus Electric Co., 96 Fed. Repr. 803; Conner v. Long, 104 U. S. 232.

*W. B. Bechtel*, for appellee, cited Collier on Bankruptcy, p. 316.

OPINION BY MR. CHIEF JUSTICE GREEN, April 16, 1900 :

The substitutionary affidavit of defense fully and clearly sets forth the circumstances in which Darius P. Greth became subject to an order of the orphans' court to pay the sum of $7,902.60 to the defendant, the Pennsylvania Trust Company. That company was Greth's successor in the trust of the Mannerback trust fund, and the proceedings instituted by the cestui que trust to have him removed as trustee on the ground of his insolvency, resulted in an adversary decree appointing a new trustee and an order or decree for the payment of the trust fund to the defendant as the succeeding trustee. We do not think it possible to justly characterize a judgment thus obtained as "procured or suffered" by the insolvent within the meaning of the bankruptcy act, so as to avoid it as a preference. Creditors certainly have the right to pursue their debtors in the courts without incurring the hazard of having their ultimate adversary judgments, recovered in due course, declared to be fraudulent preferences under the bankruptcy law. The affidavit further set forth that while the proceedings were going on Greth was engaged in efforts to raise the money to pay the judgment which was about to be obtained, and succeeded in doing so by his wife consenting to mortgage her separate real estate for the amount required. Such a mortgage was given to the person lending her the money, and that money was paid over to the defendant as successor in the trust to satisfy the judgment recovered against him, as before stated. The affidavit further avers that Greth never saw or handled the money, and that it was loaned to Mrs. Greth by a personal friend to save her husband from disgrace and from the consequences of a criminal embezzlement of the trust money. As the facts set forth in the affidavit must be regarded as true for the time being, it was not error to refuse judgment. Other reasons for reaching the same conclusion were expressed in the opinion of the court, which also were sufficient for refusing judgment. The assignment of error is dismissed.

Judgment affirmed.