## Schwemmer and Niermann's License.

*Appeals—Certiorari—Refusal of liquor license—Evidence—Act of May 11, 1911, P. L. 279.*

On an appeal from order of the quarter sessions refusing a liquor license, the appellate court cannot consider the evidence, although the lower court may have voluntarily sealed a bill of exceptions, and directed the transcript of the evidence to be filed. The Act of May 11, 1911, P. L. 279, has no application to such a case. The act relates only to appeals following trials.

Argued Dec. 8, 1913.    Appeal, No. 232, Oct. T., 1913, by William T. Schwemmer and William Niermann, from order of Q. S. Phila. Co., March T., 1913, No. 1,826, refusing a liquor license. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Petition for retail liquor license.

*Error assigned* was order refusing a license.

*Geo. W. Harkins, Jr.*, with him *Geo. W. Harkins*, for appellant.—A trial is the examination before a competent tribunal according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue: United States v. Curtis, 25 Fed. Cases, 726, Case No. 14,905; In re Chauncey, 32 Hun (N. Y.), 429; Bullard v. Ruhl, 54 Wis. 544; Gold v. R. R. Co., 19 Vt. 478; Erwin v. United States, 37 Fed. Repr. 470; Buell v. Dodge, 63 Cal. 553; Kundolf v. Thalheimer, 12 N. Y. 593.

*T. J. Norris*, with him *D. Clarence Gibboney*, for appellee.—The evidence cannot be examined: Reed's App., 114 Pa. 452; Brown's App., 2 Pa. Superior Ct. 63; Donovan's License, 9 Pa. Superior Ct. 647.

The hearing upon an application for a liquor license is not in the nature of a trial. It is simply a request

to the court to grant a privilege which it is solely within the power and discretion of the court to allow or refuse, and for the refusal of which the court is bound to assign no reason: Brown's License, 18 Pa. Superior Ct. 409; Chambers's License, 18 Pa. Superior Ct. 412; Weaver's License, 20 Pa. Superior Ct. 95; Shearer's License, 26 Pa. Superior Ct. 34.

OPINION BY RICE, P. J., February 20, 1914:

The record shows that the court granted the application of George Friedrich for a retail liquor license at certain premises for the year beginning June 1, 1913, and that on June 2 the grant was revoked because of nonpayment of the license fee within the required time. On July 13, these appellants filed their application for a license at the same premises for the balance of the year, and this was accompanied by the petition of the executors of the former owner of the premises, setting forth, inter alia, that upon the revocation of Friedrich's license he removed from and ceased to occupy the premises. After hearing upon these petitions, additional petitions of citizens, remonstrance, and evidence, the court refused the application, and, on the same day, granted the petitioners an exception to the order, and directed that the stenographer's notes of testimony be filed. The notes of evidence, certified by the stenographer and approved by a judge of the court, were filed later, and this appeal was taken. A new claim is made in this case, which is, that the notes of evidence, thus certified, approved, and filed, became part of the record and are to be considered by us in the disposition of the appeal. This claim is made by virtue of a clause of sec. 4 of the Act of May 11, 1911, P. L. 279, which provides that, when the evidence in any case is transcribed and the transcript is duly certified by the official stenographer and by the trial judge, it shall be filed of record in the case "and shall be treated as official and part of said record for the purposes of review upon

appeal," etc.   If this provision of the act of 1911 applies
to every hearing before a court in which testimony is
taken, it is certainly a very wide departure from the
law as heretofore understood and applied.   But we are
unable to agree that the legislature had any such pur-
pose in mind.   The evidence referred to in this section
is the evidence referred to in the preceding section,
namely, the evidence taken upon the trial of any case.
These were not apt words to so radically amend the law
as is claimed, and to virtually give an appeal, in the
strict sense of that term, from the discretion of the
quarter sessions to the discretion of the appellate court.
Having regard to the language of the two sections, as
well as to the subject-matter, we are of opinion that the
clause relied on by appellants' counsel does not make
the testimony taken on the hearing of a liquor license
application, though transcribed, a part of the record
for purposes of review.   And if the legislature did not
intend to require that to be done, the fact that the court
voluntarily sealed a bill of exceptions and directed the
transcript of the evidence to be filed, cannot have the
effect claimed.   See Middleton v. Com., 2 Watts, 285,
Commonwealth v. Carlucci, 48 Pa. Superior Ct. 72, and
cases there cited.   This conclusion frees the case from
any difficulty.   The application having been refused
after due hearing, and there being no irregularity in
the proceedings, the presumption is that the court gave
due consideration to the evidence and to the petitions
for and against the license and refused the application
for a legal reason, and not arbitrarily.

The order is affirmed.