## International Harvester Company of America v. Farmer & Ochs Company

*Mitinger & Mitinger*, for plaintiff.
*Arthur Grossman*, for defendant.

WHITTEN, J., December 23, 1936.—For the history of this case, the court refers to its opinion and decree filed January 24, 1935, at the above number and term. On November 10, 1936, the parties having waived the right of trial by jury, the court heard the parties and their witnesses touching the issue involved.

The original conditional sales contract, dated October 14, 1932, wherein International Harvester Company of America is seller and R. W. Conrad and L. C. Conrad are buyers, was filed in the prothonotary's office of Cambria County on December 30, 1932, in which county the buyers then resided. The property described in the said conditional sales contract was later removed to Westmoreland County, where the same was levied upon by the Sheriff of Westmoreland County on November 8, 1935, by virtue of a writ of fi. fa., at no. 139, November term, 1933, issued on November 8, 1935. A certified copy of the said conditional sales contract was filed in the prothonotary's office of Westmoreland County on November 14, 1933.

At the hearing in this case before the Court of Common Pleas of Westmoreland County, the said certified copy of the said conditional sales contract was offered in evidence by counsel for International Harvester Company of America, to which offer counsel for Farmer & Ochs Company, executing creditor, objected, for the reason, as alleged by said counsel, that the record of the said certified copy of the said conditional sales contract was not a true copy of the original record thereof which was filed in Cambria County. Counsel for Farmer & Ochs Company produced evidence for the purpose of sustaining their contention.

The said original conditional sales contract, filed in the office of the Prothonotary of Cambria County, constitutes a judicial record of the court of Cambria County, Pa.: Delco Ice Mfg. Co. v. Frick Co., Inc., 318 Pa. 337.

The Court of Common Pleas of Westmoreland County has no jurisdiction to determine whether the said records of the prothonotary's office of Cambria County disclose that the seller, International Harvester Company of America, strictly observed all the regulations and requirements imposed by the Uniform Conditional Sales Act of May 12, 1925, P. L. 603. Therefore, this court can only consider the record as certified by the Prothonotary of Cambria County.

Moreover, jurisdiction of the subject matter involved in this case cannot be waived by the appearance of the parties in a court not having jurisdiction thereof.

"When the jurisdiction does not exist . . . all the acts of the tribunal are void . . . and may be so treated in any collateral proceeding . . . it is never too late to attack a judgment or decree for want of jurisdiction": Simpson's Estate, 253 Pa. 217.

" 'Objections to the jurisdiction are of two classes between which there is a clear and well-defined distinction, first, those relating to the authority of the court over the subject-matter, and, secondly, those relating to its authority over the parties. Objections of the first class cannot be waived or jurisdiction obtained by acquiescence': Com. v. Barnett, 199 Pa. 161, 177; English v. English, 19 Pa. Superior Ct. 586": The Lewisburg Bridge Co. v. The County of Union and The County of Northumberland, 232 Pa. 255, 262; see also Nelson v. Guffey, 131 Pa. 273; Banning v. Taylor, 24 Pa. 297.

The seller under a conditional sales contract, in order to retain his title against bona fide purchasers and creditors of the buyer, must strictly observe all the regulations and requirements imposed by the act: Williams Patent Crusher and Pulverizer Co. v. Reily, 118 Pa. Superior Ct. 64.

The controlling issue involved in this case is whether the record of the said conditional sales contract in which International Harvester Company of America is seller and R. W. Conrad and L. C. Conrad are buyers, as filed in the prothonotary's office of Cambria County on December 30, 1932, constituted constructive notice thereof to Farmer & Ochs Company, the execution creditor at fi. fa., no. 139, November term, 1935, of the filing of the said conditional sales contract in Cambria County.

### Decree

And now, December 23, 1936, after hearing the parties, and after careful consideration, it is ordered, ad-

judged, and decreed that further proceedings in this case be, and the same are hereby suspended for a period of 30 days from this date to afford Farmers & Ochs Company, execution creditor, an opportunity to make application to the Court of Common Pleas of Cambria County, Pa., to determine whether the said conditional sales contract was recorded in the office of the Prothonotary of Cambria County in accordance with the provisions of the Act of 1925, supra, with respect to the property involved in this suit; and whether the record thereof in Cambria County constituted constructive notice thereof to Farmer & Ochs Company, execution creditor, at fi. fa., no. 139, November term, 1933; and it is further ordered that, should Farmer & Ochs Company, execution creditor, refuse or neglect to institute such proceedings in Cambria County within 30 days from this date, this court will decide the present case based upon the said certified copy of the said conditional sales contract so as aforesaid filed in the prothonotary's office of Westmoreland County on November 14, 1933.