## Oringer v. Zimmerman et al.

*Louis S. May, Ralph W. Eby, Jr.,* and *Charles E. Workman,* for motion.

*Appeal, Ranck, Levy & Appel,* contra.

WISSLER, J., January 21, 1955.—On April 9, 1953, plaintiff herein caused a judgment to be entered in the Court of Common Pleas of Dauphin County to September term, 1950, no. 182, against the defendant, Phaon P. Zimmerman. The judgment was entered after plaintiff, Sanford G. Oringer, had filed a complaint in trespass against defendant in the Court of Common Pleas of Dauphin County. The Harrisburg Railways Company was subsequently joined as additional defendant. A jury trial was held from June 16 to June 24, 1952, on which date the jury awarded the sum of $30,-000 in favor of plaintiff, and the original defendant presented his written motion for new trial, and the additional defendant presented a motion for judgment in its favor. The court directed the court stenographer to transcribe and file the notes of testimony which were accordingly filed on December 5, 1952. On April 2, 1953, all of the motions were withdrawn by the respective parties and receipt by plaintiff of the sum of $8,929.74 was acknowledged, and on that same day judgment was entered on the verdict.

On August 9, 1954, a certified copy of the record and docket entries of September term, 1950, no. 182, Court of Common Pleas of Dauphin County, was filed in the office of the Prothonotary of Lancaster County, and judgment was entered thereon to no. 2120 of 1954, under authority of the Act of April 16, 1840, P. L. 410, 12 PS §891. As certified by the Prothonotary of Dauphin County the record did not include the notes of testimony.

Attachment execution was issued on the judgment in Lancaster County against Old Guard Mutual Insurance Company, garnishee, and on September 10, 1954, defendant filed a motion to quash the writ of attachment for the reason that the certified copy of the record filed was not a whole record as required by the Act of April 16, 1840, P. L. 410, 12 PS §891.

It is this motion that is presently before us and raises one question, namely: Where a request is made for a new trial after a verdict in favor of plaintiff, and in accordance with the request notes of testimony are filed by order of the court and the motion is subsequently withdrawn and judgment entered on the verdict with no appeal from the judgment being thereafter taken, is it necessary that a certified copy of the whole record, as required by the Act of April 16, 1840, P. L. 410, include notes of testimony.

The transfer of judgments between the courts of common pleas of this Commonwealth is governed by the Act of April 16, 1840, P. L. 410, 12 PS §891, which provides:

"In addition to the remedies now provided by law, hereafter any judgments, in any district court, or court of common pleas in Pennsylvania, may be transferred from the court in which they are entered, to any other district court, or court of common pleas in this commonwealth, by filing of record in said other court a certified copy of the whole record in the case; and any prothonotary receiving such certified copy of record, in any case in which judgment has been entered by another court, or in another court, by transcript from justices of the peace, shall file the same, and forthwith transcribe the docket entry thereof into his own docket, and the case may then be proceeded in, and the judgments and costs collected by executions, bill of discovery, or attachment, as prescribed by the act entitled 'An act relating to executions,' passed June 16, 1836; and as to lien, revivals, executions, and so forth, it shall have the same force and effect, and no other, as if the judgment had been entered, or the transcript been originally filed, in the same court to which it may thus be transferred."

The effect of such transfers was passed upon in First National Bank and Trust Company of Bethlehem v. Laubach, 333 Pa. 344, 349, where it was stated:

"Section 1 of the Act of April 16, 1840, P. L. 410 ('construed' by section 11 of the Act of April 16, 1845, P. L. 538), provides for the transfer of judgments from one court of common pleas to another, and that 'as to lien, revivals, executions, and so forth,' the transferred judgment 'shall have the same force and effect, and no other,' as if the judgment had been entered originally in the court to which the transfer was made. It is to be noted that this act is entitled 'An Act Relating to Executions, . . .' and it does not undertake to deal with a transferred judgment other than for purposes of realizing thereon. Such a transferred judgment is merely 'a quasi judgment, and that too only for limited purposes': Brandt's Appeal, 16 Pa. 343, 346. It has been held time and again that the court of the county to which the judgment is transferred has no power over it except for purposes of execution, and cannot inquire into its merits. That can be done only by the court in which it was originally obtained: King v. Nimick, 34 Pa. 297; Mellon v. Guthrie, 51 Pa. 116; Beck v. Church, 113 Pa. 200; Nelson v. Guffey, 131 Pa. 273; Lehigh & New England R. R. Co. v. Hanhauser, 222 Pa. 248; Shotts & Co. v. Agnew & Barnett, 81 Pa. Superior Ct. 458, 461."

The court to which the transfer is made may, however, determine from inspection of the certified record whether there has been a compliance with the act authorizing the transfer: Wilkinson v. Conrad, 10 W. N. C. 22.

The only question involved in the instant case is whether the term "whole record" as contained in the act is to be construed as requiring inclusion of the notes of testimony. At common law the record did not include notes of testimony and they could not become a part of the record without a statute, as was stated by Chief Justice Gibson in Middleton v. the Commonwealth, 2 Watts 285, 286:

"To the component parts of a judicial record, as it is defined by the common law, nothing can be added without legislative sanction. . . ."

In the dissolution of an attachment under the Act of March 17, 1869, P. L. 8, the Supreme Court in Elias A. Hall et al. v. D. C. Oyster et al., 168 Pa. 399, said that an appeal from an order dissolving is in fact merely a certiorari, and must be so treated. It brings up for review nothing but the record which does not include the evidence on which the court acted in dissolving the attachment. Also see Slingluff, Johns & Co. v. J. G. Sisler, 193 Pa. 264.

In Schwemmer and Niermann's License, 56 Pa. Superior Ct. 320, it was held that on an appeal from the order of the court of quarter sessions refusing a liquor license, the appellate court cannot consider the evidence although the lower court may have voluntarily sealed a bill of exceptions, and directed the transcript of the evidence to be filed; and that the Act of May 11, 1911, P. L. 279, which provides that where the evidence in any case is transcribed and the transcript duly certified, it shall be filed of record in the case and shall be considered a part of the record, has no application and that act relates only to appeals following trials.

Defendant in support of his motion cites Williams v. Van Kemp, 370 Pa. 359. This case expressly held that an exemplified copy of the appearance docket and the judgment docket does not constitute the "whole record," as required by the Act, and that the Act specifically requires that there be filed of record a certified copy not of the docket entries but of the whole record in the case. The court, however, nowhere defines "whole record." In a second appeal of this case in 379 Pa. 149 (Williams v. Van Kemp) the Supreme Court, which had before it the matter of whether a verdict against A, the driver of the car owned by B,

would sustain a judgment against B, did not further elaborate except to say, page 150:

"After an exemplification of the record had been filed in Allegheny County, the defendant Bette Heckman moved to quash a writ of scire facias issued on petition of the plaintiff."

It was held by this court in 370 Pa. 359 that the exemplified record filed in Allegheny County was incomplete, and in due time it was completed.

In Updergraff v. Perry, 4 Pa. 291, it was held that the purpose of the Act of 1840 was to guard the rights of the debtor as well as those of the creditor, and it was the duty of the plaintiff to see that his proceedings were properly conducted. This it seems to the court was done in the instant case when the exemplified record from Dauphin County covered the entire record, papers and pleadings to judgment, and motions and withdrawal of motions by defendant for new trial, except the notes of testimony. The judgment transferred was the same as to parties, amounts and other matters appearing on its face as in the court from which it was transferred. This included the material proceedings in the cause, for the notes of testimony upon which the motions for new trial were withdrawn, and from which no appeal was taken, could in no way have aided the defendant in the present proceeding.

The notes of testimony not included in the exemplification are in the opinion of this court not part of the record as contemplated at common law, nor do we feel they were contemplated as such in the case of Williams v. Van Kemp, supra, but are only made a part of the record in appeals following trials.

And now, January 21, 1955, for the foregoing reasons, the motion to quash the writ of attachment is overruled and dismissed.