## Marbet, Inc. v. Williams

*Theodore A. Tenor*, for plaintiff.

*James B. Ceris*, for defendants.

MCCREARY, P. J., October 18, 1960.—At the above-stated number and term judgment was entered in fa-

vor of plaintiff and against defendants on an exemplification of a record from the Court of Common Pleas of Allegheny County, the judgment in the latter court being docketed at July term, 1960, no. 4124, D. S. B. The exemplification of record, so transferred to Beaver County, reveals that judgment in Allegheny County was confessed on a note purporting to have been executed by the above-named defendants and delivered to plaintiff on February 25, 1960, in the principal amount of $3,606 payable in 60 monthly installments of $60.10 each. The judgment was confessed in Allegheny County on June 22, 1960.

On August 5, 1960, defendants filed a petition in the Court of Common Pleas of Beaver County to open the judgment, alleging, inter alia, that a judgment by confession had already been entered by plaintiff against the same defendants in the Court of Common Pleas of Beaver County on March 24, 1960, at June term, 1960, no. 135 D. S. B., by the Prothonotary of Beaver County by virtue of a warrant of attorney contained in the main body of the contract between the parties, to which the note in question was attached, and that the judgment at June term, 1960, no. 135 D. S. B., had been, on July 28, 1960, stricken from the record by our court.

It is conceded by the parties that no execution, bill of discovery or attachment has been issued on the judgment transferred from Allegheny County and docketed in our court at the above-stated number and term.

Unfortunately for defendants, since no execution, bill of discovery or attachment has been issued on the transferred judgment, we are powerless to grant the prayer of defendants' petition to open the judgment in the case we are considering. Prior to the adoption of the Act of March 27, 1945, P. L. 83, 12 PS §§913, 914, it was procedurally impossible for a defendant to get

relief in the county to which a confessed judgment had been transferred, or to which a testatum writ of fi. fa. had been directed to the sheriff of a county other than the county in which the judgment had been confessed, except by petitioning the court of the county in which the judgment had been confessed. The court to which the judgment had been transferred or to which a testatum writ of fi. fa. had been directed could not, under any circumstances, entertain a petition to open the judgment.

Prior to the adoption of that law the aluminum siding slickers, the brick siding cheats, the furnace salesmen, as well as the landscape and nursery fakes, would prevail on some innocent householder to sign a proposal for improving his modest home or yard, attached to which proposal would be a fine print judgment note. The company for whom the slick salesman worked would immediately clip off the judgment note and confess judgment on it in some far off county and then transfer the judgment or direct the issuance of a testatum writ of fi. fa. to the county of the victim's home, where he had all of his worldly possessions, and proceed to execute. In order to protect himself from the loss of all his worldly possessions on the execution he had to go to the expense of hiring a lawyer in the far-off county of the confessed judgment, petition that court to open the judgment, appear for depositions, and ultimately appear before a jury to bring the villains to justice. Very often the "operation was a success but the patient died."

To cure this obvious abuse and the helplessness of the court of the forum of execution to prevent collection of what might be an invalid judgment, our legislature enacted remedial legislation. Section 1 of the Act of 1945, supra, made provision for judgments confessed in one county to be transferred to another county

and conferred jurisdiction on the courts of the transferee county to entertain petitions to open a confessed judgment, in language as follows:

"Whenever a judgment is confessed or entered in any court of common pleas on a note, bond or other written instrument, hereafter executed, in which judgment is confessed, or containing a warrant for an attorney-at-law or other person to confess judgment against the person or persons who execute the same, and such judgment is transferred to any other court of common pleas by filing there a certified copy of the record in the case, before an execution, bill of discovery or attachment shall be issued thereon in such other court of common pleas, the plaintiff therein shall enter his appearance in the prothonotary's office of such other county, specifying a name and address within that county where all papers may be served on him. When the defendant has a defense to such judgment he may file his petition to open the same either in the court where the judgment is originally entered or in any other court to which the judgment is transferred *and* in which an execution, bill of discovery or attachment is issued thereon." (Italics supplied.)

The legislature did not go far enough to correct the evil it had in mind, as described above in this opinion. The evil could be completely eradicated if the legislature would substitute the word "or" in place of the word "and" in the last paragraph of section 1 of the Act of March 27, 1945, P. L. 83, set forth at length above.

However, courts are bound by the law as the legisture has written it, not by what we think it ought to be. Consequently we must deny defendants' petition to open the judgment in question because plaintiff has been clever enough to see to it that no "execution, bill of discovery or attachment" has been issued on the

transferred judgment. Plaintiff intends to harass defendants by playing cat and mouse with the transferred judgment and retaining its lien in the amount of $4,146 against the real estate of defendants, even though they know that no such amount can possibly be due. Defendants' only remedy, under the law as it exists, is to resort to the antedeluvian expensive process of petitioning the Allegheny County court to open the judgment confessed in that court on the judgment note clipped from the contract on which judgment has already been confessed in Beaver County and ultimately stricken from the record by our order of July 28, 1960.

We feel strongly about the injustice of this case and regret the helplessness of our court to grant a remedy. Through this opinion, however, we are attempting to strike a blow for justice by calling it to the attention of our law makers. By way of pure dictum, taking judicial notice of our own record of the judgment of our court at June term, 1960, no. 135, D. S. B., we are of the opinion that the warrant of attorney, on which the judgment transferred from Allegheny County was entered, has already been exercised in Beaver County and that it is therefore "functus officio", but we are helpless to do anything about it in our Beaver County courts, because of the State law.

We have no doubt about our interpretation of the word "and" meaning what it says in section 1 of the Act of March 27, 1945, P. L. 83, supra, and that that word cannot be construed as meaning "or". We refer to the article in the Pennsylvania Bar Association Quarterly by Philip Werner Amram, Esq., and Sidney Schulman, chairman and secretary respectively of the Civil Procedural Rules Committee, in the October 1960 issue, titled "New Execution Rules," where they say at page 24:

"In connection with transferred confessed judgments and writs directed to other counties on judgments entered by confession, the rules expressly preserve the Act of March 27, 1945, P. L. 83, 12 PS 913, 914, requiring the appearance of the plaintiff, and an address within the execution county where he may be served, and also authorizing the defendant to file his petition to open judgment *in either the county of entry or the county of execution.*" (Italics supplied.)

See, also, Pennsylvania Turnpike Commission v. Schwartz, admx., 72 D. & C. 583, where Judge Woodside, then of the Dauphin County court, now of the Superior Court, said (at pages 589, 590) :

"Furthermore, it has been held that a judgment entered on an exemplification of the record does not become a judgment in the common interpretation of the word in the county to which it is transferred. The judgment on the exemplification is but the record evidence of the existence of the judgment in the county in which it was obtained, and the court to which it is transferred has no power over it save for lien and execution and cannot inquire into its validity or make orders affecting its operation. All inquiries into the effect of a judgment establishing the rights of a plaintiff under it must be made to the court that pronounced it: Lehigh & N. E. R. R. Co. v. Hanhauser, 222 Pa. 248, 259 (1908) ; Nelson v. Guffey, 131 Pa. 273, 289 (1890) ; King v. Nimick et al., 34 Pa. 297 (1859).

"In First National Bank & Trust Co. v. Laubach et al., 333 Pa. 344, 349 (1939), Justice Stern speaking for the court, stated: 'It has been held time and again that the court of the county to which the judgment is transferred has no power over it except for purposes of execution. . . .' "

See, also, Sheaffer v. Hardman, 71 Dauph. 33, at pages 46, 47.

Entertaining these views, we make the following

*Order*

Now, October 18, 1960, the petition of defendants to open the judgment entered at the above stated number and term is dismissed for want of jurisdiction: costs to be paid by petitioners, defendants.