## Selden, Appellant, v. Jackson.

Argued January 12, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused April 24, 1961.

*Max W. Gibbs*, with him *David A. Kraftsow*, for appellant.

*Almanina B. Carnes,* with her *Isaiah W. Crippins,* for appellee.

OPINION BY MR. JUSTICE BOK, March 13, 1961:

Judgment on a single bill was entered by confession in Philadelphia County on March 9, 1955, against defendants. On March 15, 1955, the record of this judgment was exemplified and entered in Delaware County.

On February 5, 1960, a petition to open the judgment was filed in Delaware County, and, after hearing, an order was made, dated July 15, 1960, opening the judgment and letting the defendants in to a defense. The plaintiff appealed.

The matter before the Delaware County court was coram non judice, under the Act of April 16, 1840, P. L. 410, 12 PS §891. It had power over the judgment only for purposes of lien, revivals and execution, but had no power to inquire into the merits of the controversy. That was for the original judgment court alone.

In *First National Bank & Trust Co. of Bethlehem v. Laubach,* 333 Pa. 344 (1939), 5 A. 2d 139, we said: "Section 1 of the Act of April 16, 1840, P. L. 410, ('construed' by section 11 of the Act of April 16, 1845, P. L. 538), provides for the transfer of judgments from one court of common pleas to another, and that 'as to lien, revivals, executions, and so forth,' the transferred judgment 'shall have the same force and effect, and no other,' as if the judgment had been entered originally in the court to which the transfer was made. It is to be noted that this act is entitled 'An Act Relating to Executions, . . .' and it does not undertake to deal with a transferred judgment other than for purposes of realizing thereon. Such a transferred judgment is merely 'a *quasi* judgment, and that too only for limited purposes': Brandt's Appeal, 16

Pa. 343, 346. It has been held time and again that the court of the county to which the judgment is transferred has no power over it except for purposes of execution, and cannot inquire into its merits. That can be done only by the court in which it was originally obtained: King v. Nimick, 34 Pa. 297; Mellon v. Guthrie, 51 Pa. 116; Beck v. Church, 113 Pa. 200; Nelson v. Guffey, 131 Pa. 273; Lehigh & New England R. R. Co. v. Hanhauser, 222 Pa. 248; Shotts & Co. v. Agnew & Barnett, 81 Pa. Superior Ct. 458, 461."

To the same effect are *Banning v. Taylor,* 24 Pa. 297 (1855), and *Williams v. VanKemp,* 370 Pa. 359 (1952), 88 A. 2d 49.

The order is reversed, costs on the defendant.