J-S87042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MCS PARTNERS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IBRAHIM HAMDIN | |
| Appellant | No. 688 MDA 2016 |

Appeal from the Order Entered April 14, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2013-CV-4187-NT

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED MAY 12, 2017**

Ibrahim Hamdin appeals from the order, entered in the Court of Common Pleas of Dauphin County, denying his "Petition to Strike Off Judgment."  We affirm.

The trial court set forth the relevant procedural history of this matter as follows:

> The [j]udgment [at issue in this matter] was originally entered by confession in Philadelphia County on June 11, 2008.  The Philadelphia County [j]udgment was based on a lease document. Two failed attempts were made to open the Philadelphia County judgment:  one by Sarah Reibenbach, and one by [appellant] Ibrahim Hamdin.  The Philadelphia County judgment was in the amount of $4,133,225.
>
> On August 29, 2009, [MCS Partners] accepted an $850,000 settlement from codefendants Haim[ and] Sarah Reibenbach to

---

[*] Retired Senior Judge assigned to the Superior Court.

settle the matter at the Philadelphia [d]ocket. The underlying judgment as it affects Reibenbach was thereafter vacated. The judgment against [] Hamdin was transferred to the Dauphin County Court of Common Pleas on June 16, 2008[.] Hamdin never sought to strike or open the [j]udgment at that docket. The Dauphin County transferred [j]udgment was later made the subject of a writ of revival on May 14, 2013, followed by a judgment of revival by default on December 2, 2014[.]

[Appellant] Hamdin sought to strike and/or open the transferred and revived judgment [] by [p]etition filed on November 16, 2015. [MCS Partners] filed a response, and oral argument was heard on February 17, 2016. Following oral argument, we entered an [o]rder on April 14, 2016 denying [Hamdin's] [p]etition to [s]trike. [Hamdin] has appealed this [o]rder.

Trial Court Opinion, 6/16/16, at 1-2.

On appeal, Hamdin raises several claims for our consideration. However, because the trial court lacked jurisdiction to consider Hamdin's petition, we need not reach the merits of those issues.

"It has been held time and again that the court of the county to which the judgment is transferred has no power over it except for purposes of execution, and cannot inquire into its merits. That can be done only by the court in which it was originally obtained." **Selden v. Jackson**, 169 A.2d 301, 301–02 (Pa. 1961) (citations omitted). As our Supreme Court noted in **King v. Nimick**, 34 Pa. 297 (1859):

The primary judgment is still the principal one, and the court where that is, can alone take any action operating on the judgment itself, in any other way than by satisfaction, in the proper sense of the term. The court having the certified and secondary judgment, cannot inquire into its merits at all. . . . Among equal courts, that which has the primary control of a question has the absolute control, and it alone, or its superiors, can correct its errors.

*Id.* at 298.

In light of the foregoing, the trial court properly denied Hamdin's petition to strike.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2017